**JISHUN WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney ***
**General, Respondent.**

No. 06–72996.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Dec. 10, 2007.

Jishun Wang, Monterey Park, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Julie M. Iversen, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM ***

Jishun Wang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA correctly determined that Wang did not satisfy the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 824 (9th Cir.2003) (for the BIA to grant a motion to reopen based on ineffective assistance of counsel, petitioner must: (1) provide an affidavit describing agreement with counsel in detail; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities and if not, why not). The record does not show that Wang notified former counsel of the allegations against him. *See Reyes v. Ashcroft,* 358 F.3d 592, 594 (9th Cir.2004) (emphasizing the importance of providing former counsel with a timely opportunity to respond). Moreover, Wang's contention that he demonstrated clear and obvious ineffective assistance of counsel is unpersuasive because the record does not establish his former counsel was retained to represent him in his pro se appeal to the BIA. *See id.* at 597 (if ineffective assistance of counsel is plain on the

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

face of the record, a petitioner need not meet the *Lozada* procedural requirements).

Wang's motion for judicial notice is granted.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.